# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JAMES GUSTAVE MALOTT,**

   **Plaintiff,**

 **v.**        **Case No. 26-CV-1259**

**ROSEN'S DIVERSIFIED, INC., et al.,**

   **Defendants.**

---

## ORDER

---

James Gustave Malott is back before the court with his sixth lawsuit related to him allegedly "being hit by Radio Frequency or RFID" that he attributes to the defendants. (ECF No. 1 at 2); *see also Malott v. Am. Foods Grp. LLC*, No. 25-CV-819-SCD, 2025 U.S. Dist. LEXIS 186533, 2025 LX 435774 (E.D. Wis. Sep. 23, 2025); *Malott v. Am. Foods Grp.*, No. 25-CV-1651-JPS, 2025 U.S. Dist. LEXIS 223244, 2025 LX 573827 (E.D. Wis. Nov. 13, 2025); *Malott v. Doe*, No. 25-CV-1181-JPS, 2025 U.S. Dist. LEXIS 223242, 2025 LX 534149 (E.D. Wis. Nov. 13, 2025); *Malott v. Rosen's Diversified Inc.*, No. 25-CV-1965, 2025 U.S. Dist. LEXIS 261538, 2025 LX 574314 (E.D. Wis. Dec. 18, 2025); *Malott v. Rosen's Diversified, Inc.*, No. 26-CV-848, 2026 LX 297400 (E.D. Wis. May 20, 2026).

The court reiterates what it stated the last time he was before this court:

The court does not doubt Malott's sincerity. He is experiencing distress which he attributes to radio frequencies. However, the court finds itself

obligated to safeguard judicial resources and protect the judicial process and dismiss this action. Malott's allegations that a beef processor, for whom he was previously employed, is targeting him with injurious radio frequencies is factually frivolous. *See, e.g.*, *McGinnis v. Freudenthal*, 426 F. App'x 625, 628 (10th Cir. 2011) (dismissing claims regarding "electromagnetic torture"); *Tedder v. Lafayette Police Dep't,* No. 4:21-CV-51-TLS-JPK, 2021 U.S. Dist. LEXIS 173147, at *3 (N.D. Ind. Sep. 10, 2021) (dismissing complaint where plaintiff alleged, in part, that he was subject to "electromagnetic pulses, and AM radio microwave frequencies"); *Hecker v. CIA*, No. 21-CV-2701, 2022 U.S. Dist. LEXIS 11079, at *12 (E.D. Pa. Jan. 20, 2022) (dismissing claims that government agencies subjected the plaintiff to "energy weapons, microwave radiation, satellite technology, and the like"); *Leon v. United States DOD*, No. 22-C-265, 2022 U.S. Dist. LEXIS 83530, at *3-4 (E.D. Wis. Mar. 28, 2022) (dismissing action alleging that defendants used Bluetooth and "EMP-Ghost technology" to connect with his brain); *Weeks v. Pasco Cty. Sheriff's Office*, No. 8:23-cv-2011-WFJ-AAS, 2023 U.S. Dist. LEXIS 159484, at *1 (M.D. Fla. Sep. 8, 2023) (dismissing action alleging, in part, that plaintiff was "overexposed to ionizing radiation" by defendant); *Clark v. Ball*, No. 3:25CV-P482-JHM, 2025 U.S. Dist. LEXIS 234657, at *5 (W.D. Ky. Dec. 2, 2025) (dismissing action related to allegations defendants, in part, subjected plaintiff to "radiowaves electromagnetic, and or electrostatic waves"); *see also Terry v. United States*, No. ED CV 14-1881-VBF(E), 2014 U.S. Dist. LEXIS 145530, at *2 (C.D. Cal. Sep. 16, 2014) (discussing cases).

Accordingly, the court finds that it must dismiss Malott's complaint. Although courts routinely give litigants an opportunity to amend a complaint, it is clear that the defects in Malott's complaint are not remediable through repleading.

In sum, while this court does not dispute that Malott is suffering distress that he attributes to radio frequencies, his allegations do not give rise to a legal claim. Consequently, a court is unable to offer him any relief or remedy.

*Malott v. Rosen's Diversified, Inc.*, No. 26-CV-848, 2026 U.S. Dist. LEXIS 111603, at

*5-6 (E.D. Wis. May 20, 2026).

Again, Malott's action is frivolous, and the court must dismiss it as such.

Refiling will not produce a different result. Filing essentially the same lawsuit now

2

six times is an abuse of the judicial process. If Malott persists and again files a similar action, the court likely will impose sanctions which may include a bar on him filing any action in this court. *See Zloza v. City of New Lisbon*, No. 24-CV-965, 2024 U.S. Dist. LEXIS 181075, at *3 (E.D. Wis. Aug. 28, 2024) (citing *Carr v. Tillery*, 591 F.3d 909, 920 (7th Cir. 2010); *Westefer v. Snyder*, Civil Nos. 00-162—GPM, 00-708—GPM, 2011 U.S. Dist. LEXIS 1, 2011 WL 9135 at *3 (S.D. Ill. Jan. 1, 2011)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion to proceed without prepayment of the filing fee (ECF No. 2) and motion for service by the United States Marshal (ECF No. 4) are **denied**. The plaintiff's complaint and this action are **dismissed**. The Clerk shall enter judgment accordingly. The court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal would not be in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000); *Mack v. E. Allen Cty. Sch.*, No. 1:24-CV-102-HAB, 2026 U.S. Dist. LEXIS 82518, at *2 (N.D. Ind. Apr. 14, 2026).

Dated at Green Bay, Wisconsin this 29th day of July, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge